IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSHUA KRUGER,** | |
| **Plaintiff,** | |
| v. | Case No. 3:20-CV-01119-NJR |
| **MICHAEL FENCEL,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss Defendant's Counterclaim (Doc. 21) filed by Plaintiff Joshua Kruger in response to Defendant Michael Fencel's Answer and Counterclaim (Doc. 17) and the Court's Order directing Kruger to present briefing in support of his representation of the amount in controversy (Doc. 18). For the reasons set forth below, the Court *sua sponte* finds that it lacks subject matter jurisdiction over this action and that both parties have failed to state a claim. Accordingly, the Court dismisses the action in its entirety with prejudice.

### Factual & Procedural Background

Plaintiff Joshua Kruger filed his initial pro se complaint on October 22, 2021, alleging that Defendant Michael Fencel defamed him by falsely alleging that Kruger raped Fencel in a lawsuit against officials of the Illinois Department of Corrections, *Fencel v. Cross*, 2020 WL 3791956 (S.D. Ill. July 7, 2020). In the course of that proceeding, Fencel's allegations were published into the public domain (Doc. 1 at 5-7). Kruger indicated that he sought to bring claims against Fencel for both libel and defamation under Illinois law,

filing in federal court under diversity jurisdiction because he and Fencel were of diverse citizenship and the amount in controversy exceeded $75,000 (Doc. 1 at 2, 7).

The Court screened the Complaint pursuant to 28 U.S.C. § 1915 and permitted Kruger to proceed *in forma pauperis* on January 21, 2021. Defendant Michael Fencel answered the complaint on March 16, 2021, further asserting a counterclaim against Kruger for allegedly raping him in November 2017 (Doc. 17). In his answer, Fencel raised questions regarding the Court's jurisdiction over this action — construing Fencel's pro se filing broadly, the Court then directed Kruger to present additional briefing on the amount in controversy (Docs. 18, 20). Kruger filed his response to the Court's Order together with his Motion to Dismiss Counterclaim on April 13, 2021 (Doc. 21).

I.  **Amount in Controversy**

As the Court noted in its Order of April 5, 2021 (Doc. 20), Fencel's answer raised questions regarding the Court's jurisdiction over this action, which is predicated on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. To maintain an action in federal court through diversity, a party must show that all plaintiffs are diverse in citizenship from all defendants and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Here, Fencel noted that he and Kruger are both incarcerated in Illinois. Kruger was a resident of Indiana prior to his incarceration, however, and he has indicated that he intends to return to Indiana upon release (Doc. 1 at 2). For purposes of diversity jurisdiction, "a prisoner is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out." *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) (quotations omitted).

Accordingly, Kruger is a citizen of Indiana and thus diverse from Fencel.

The Court should construe *pro se* filings liberally, however. *Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018). While Fencel only explicitly mentioned the diversity of the parties, the Court construed his filing as challenging the jurisdiction of the Court generally, including the amount in controversy. While the Court generally accepts good-faith representations of the amount in controversy, such representations must be supported by a preponderance of the evidence when contested by the opposing party. *Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017).

Here, Kruger's request for nominal, compensatory, and punitive damages of $100,000 appears to be based on Kruger's status as a published author and the reputational harm that might ensue from the allegedly defamatory statements (Doc. 21 at 6-11). Kruger has presented evidence indicating that he has some income from his published works, and he represents that this averages "over $6000 per year" (Doc. 21 at 7). But Kruger has not provided any evidence that would indicate any diminution in his income since the publication of the allegedly defamatory remarks. Kruger further indicated that he has in fact assigned the rights to his published works to a company owned by his brother, raising questions as to whether he is in fact personally entitled to any proceeds from their sale (Doc. 21 at 7).

In addition to his income as an author, Kruger further argues that his statement of the amount in controversy is based on "emotional turmoil, embarrassment, and humiliation[,]" and that he is therefore entitled to damages for mental and emotional injuries stemming from the allegedly defamatory remarks. Kruger further notes that

under Illinois law, damages need not be proven for certain types of defamatory statements, such as those "imputing adultery or fornication[.]" *Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005). While this is true, Kruger must nevertheless be able to demonstrate with a preponderance of the evidence that damages may satisfy the $75,000, exclusive of interest and costs, amount in controversy threshold in order to avail himself of this Court's jurisdiction.

In Illinois law, defamation can give rise to compensatory damages, which may be general or special, punitive damages, and nominal damages. *Brown & Williamson Tobacco Corp. v. Jacobson*, 827 F.2d 1119, 1138 (7th Cir. 1987). Special compensatory damages are those for which the plaintiff can directly link the defamatory materials to a concrete economic loss. *Id.* Where material is defamatory *per se*, as when it alleges fornication, general damages are presumed and need not be proven by evidence. 740 ILCS 145/1; *see also Bryson v. News Am. Publs.*, 174 Ill. 2d 77, 88-89 (Ill. 1996). In such a case, when fixing general damages a court or jury will look to factors such as the breadth of publicity given to the defamatory statement, the plaintiff's prominence, the plaintiff's reputation, and the plaintiff's injured feelings and mental suffering. *E.g. Cook v. East Shore Newspapers, Inc.*, 327 Ill. App. 559, 595 (Ill. 4th App. Ct. 1945); *see also* 11 Ill. Juris. § 11:74. As for punitive damages, factors considered include the amount of attorney's fees incurred, the wealth of the defendant, defendant's post-verdict recalcitrance, and the seriousness of the defamatory charge. *See Brown & Williamson Tobacco Corp.*, 827 F.2d at 1142-43; *Flagg v. Roberts*, 67 Ill. 485, 488 (1873); 11 Ill. Juris. § 11:77.

Here, while Kruger has presented evidence as to his income, he has not shown any concrete economic loss. Accordingly, his alleged amount in controversy must be assessed based on the potential for general compensatory damages and punitive damages. In looking to potential general compensatory damages, the Court finds that while Kruger is a published author, his books have sales that are modest at best, and he does not appear to be a widely known figure. Further, the Court notes that Kruger is serving a life sentence for offenses including murder and armed robbery—his reputation was execrable even before Fencel alleged that he was a rapist. As to breadth of publication, Fencel appears to have made the allegedly defamatory statements to a series of law enforcement officers and in federal judicial proceedings in this district. While these are public fora, his statements have not received particularly wide dissemination, nor have they been published in the kind of documents likely to attract the attention of a casual reader. The Court does acknowledge that Kruger has doubtless experienced some discomfort from being accused of rape but nevertheless is inclined to conclude that any general compensatory damages would likely fall far short of the $75,000 threshold.

As for punitive damages, the Court notes that rape is a very serious allegation and that, assuming the allegation is indeed false, Fencel has shown recalcitrance in disavowing the allegedly defamatory statements. The Court, however, must also consider the fact that Fencel is incarcerated and likely has very limited funds, while Kruger has represented himself pro se and has not incurred significant legal fees. Accordingly, any punitive damages would likely be limited and would again fall far short of the $75,000 threshold.

In sum, the evidence presented by Kruger is insufficient to establish by a preponderance of the evidence that damages in this case could rise to the $75,000 amount in controversy threshold required for federal diversity jurisdiction. Accordingly, the Court would have to dismiss the action without prejudice for lack of jurisdiction.

## II.     Failure to State a Claim

As it happens, even if the Court had subject matter jurisdiction over this action, further examination of the complaint leads the Court to the conclusion that Kruger has failed to state a claim. Pursuant to 28 U.S.C. § 1915(e), a district court is required to dismiss an action *in forma pauperis* if at any time the court determines that the plaintiff has failed to state a claim. *Neitzke v. Williams*, 490 U.S. 319 (1989).

Here, the Court has determined that Kruger has failed to state a claim as the allegedly defamatory statements upon which he has based his claim are entitled to privilege under Illinois law. Illinois recognizes the common-law principle that certain types of statements are absolutely privileged and cannot be subject to defamation actions for public policy reasons even if they are made with malice. *E.g.*, *Razavi v. Walkuski*, 55 N.E.3d 252, 256 (Ill. App. Ct. 2016). These statements include statements made to law enforcement for the purpose of instituting criminal proceedings. *Belluomini v. Zaryczny*, 7 N.E.3d 1, 8 (Ill. App. Ct. 2014) ("[I]t is well settled in Illinois that statements made to law enforcement officials for the purpose of instituting criminal proceedings are absolutely privileged."). Statements made in the course of judicial and quasi-judicial proceedings are also absolutely privileged. *Id.*

Here, the allegedly defamatory statements were first made to law enforcement officials in a prison for the purpose of reporting a crime and presumably instituting disciplinary proceedings against Kruger. The statements were then repeated in the course of Fencel's various administrative grievance proceedings and his eventual lawsuit against state officials in this Court, all of which would constitute quasi-judicial or judicial proceedings. Kruger does not appear to allege that Fencel made the statements in question in any context that would not be subject to absolute privilege, and thus he has failed to state a claim. This action must be dismissed with prejudice.

### III. Fencel's Counterclaim

Fencel has filed a counterclaim in this action, again accusing Kruger of rape. As the alleged rape occurred in 2017, however, that counterclaim appears to be barred by Illinois' two-year statute of limitations for personal injury actions and must also be dismissed with prejudice.

### CONCLUSION

For the reasons set forth above, this action in its entirety is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: April 26, 2021

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**